UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARCELLA ANDERSON
PUCKETT,

        Plaintiff,

v.                                CASE NO. 8:21-cv-1834-CEH-SPF

AIN JEEM, INC. a/k/a Kareem
Abdul Jabbar, BRICKELL
IP GROUP, PLLC, and
ACKERMAN,

        Defendants.

_____/

## REPORT AND RECOMMENDATION

This matter comes before the Court upon Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2), which the Court construes as a motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Plaintiff seeks a waiver of the filing fee for her complaint (Doc. 1).

The Court may authorize the commencement of any suit, action, or proceeding without payment of fees and costs or security by a person who submits an affidavit that includes a statement of all assets such person possesses and establishes that the person is unable to pay such fees or give security. 28 U.S.C. § 1915(a). The *in forma pauperis* statute, 28 U.S.C. § 1915, is designed to ensure "that indigent persons will have equal access to the judicial system." *Attwood v. Singletary*, 105 F.3d 610, 612 (11th Cir. 1997) (citing *Coppedge v. United States*, 369 U.S. 438, 446 (1962)). "[P]roceeding *in forma pauperis* is a privilege, not a right, and permission to so proceed is committed to the sound discretion of the court." *Camp v. Oliver*, 798 F.2d 434, 437 (11th Cir. 1986) (citation omitted). While the district court has

wide discretion in ruling on an application for leave to proceed *in forma pauperis*, it should grant such a privilege "sparingly" in civil cases for damages. *Thomas v. Chattahoochee Jud. Cir.*, 574 F. App'x 916 (11th Cir. 2014)[1] (citing *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 (11th Cir. 2004)).

When considering whether a litigant is indigent under § 1915, the only determination to be made by the district court is whether the statements in the affidavit satisfy the requirement of poverty. *Martinez*, 364 F.3d at 1307. A litigant need not show he or she is "absolutely destitute" to qualify for indigent status. *Id.* (quotation and citation omitted). Rather, an affidavit will be deemed sufficient if it demonstrates that the litigant, because of his or her poverty, cannot pay for the court fees and costs and support and provide necessities for him or herself and any dependents. *Id.* "In other words, the statute is not to be construed such that potential litigants are forced to become public charges or abandon their claims because of the filing fee requirements." *Id.*

In determining the poverty requirement, the district court must compare the litigant's assets and liabilities. *Thomas*, 574 F. App'x at 917. "[C]ourts will generally look to whether the person is employed, the person's annual salary, and any other property or assets the person may possess." *Schneller v. Prospect Park Nursing & Rehab. Ctr.*, No. 06-545, 2006 WL 1030284, at *1 (E.D. Pa. Apr. 18, 2006) (citation omitted). Courts may also consider the income of a party's spouse and joint assets when determining a party's motion to proceed *in forma pauperis*. *See, e.g.*, *Jones v. St. Vincents Health Sys.*, No. 3:07-cv-177-J-32TEM, 2007 WL 1789242, at *1 (M.D. Fla. June 19, 2007) (denying the plaintiff's motion to proceed *in forma pauperis* because

---

[1] Unpublished opinions of the Eleventh Circuit Court of Appeals are not considered binding precedent; however, they may be cited as persuasive authority. 11th Cir. R. 36-2.

the plaintiff's total monthly household income, which was derived primarily from the spouse's income, exceeded joint monthly expenses).

Here, Plaintiff does not qualify as indigent. Plaintiff swears in her affidavit that her average monthly income during the past twelve months was $3,380.72 and her spouse's average monthly income during the past twelve months was $1,219.00, for a total of $4,599.72 per month (Doc. 2 at 1-2). She also states that she expects $911.00 in the income in the next month and her spouse expects $2,469.39, for a total of $3,380.39 (*id.*). Plaintiff's assets include two motor vehicles with a combined value of $37,811.00 (*id.* at 3). Additionally, Plaintiff has $521.00 in a checking account (*id.* at 2). Plaintiff states further that she has a total of $3,607.00 in monthly expenses, and no dependents to support (*id.* at 3-5). As such, Plaintiff's monthly income exceeds her liabilities. Plaintiff has otherwise failed to demonstrate that she is unable to pay the filing fee or provide security therefor. *See* 28 U.S.C. § 1915(a)(1). Accordingly, the Court finds Plaintiff does not qualify as indigent under § 1915 and should be required to pay the filing fee.

Additionally, when a plaintiff files an application to proceed *in forma pauperis*, the Court must review the case and dismiss it *sua sponte* if it determines the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Dismissal for failure to state a claim in this context is governed by the same standard as dismissal under Rule 12(b)(6), Federal Rules of Civil Procedure. *Leonard v. F.B.I.*, 405 F. App'x 386, 387 (11th Cir. 2010) (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)). Namely, dismissal for failure to state a claim is appropriate if the facts, as pleaded, fail to state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678

3

(2009) (citation omitted).  Where a district court determines from the face of the complaint that the factual allegations are clearly baseless, or the legal theories are without merit, the court may conclude a case has little or no chance of success and dismiss the complaint before service of process. *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993).  Although *pro se* litigants' pleadings are liberally construed, *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998), they must still "conform to procedural rules."  *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002).  Dismissal is also appropriate if, upon review, the complaint reveals a lack of subject matter jurisdiction.  *Cafaro v. Wyllins*, No. 8:10-cv-1836-T-30EAJ, 2010 WL 3747868, at *1 (M.D. Fla. Sept. 7, 2010), *report & recommendation adopted*, 2010 WL 3747837 (M.D. Fla. Sept. 22, 2010).

Here, Plaintiff's complaint (Doc. 1) fails to adequately set forth the Court's jurisdiction or factual allegations supporting a viable claim for relief.  Plaintiff's complaint alleges both federal question and diversity of citizenship jurisdiction.  First, Plaintiff asserts federal question jurisdiction (*i.e.*, claims arising as a result of actions violating any provision of the Constitution, laws, or treaties of the United States) and lists 28 U.S.C. §§ 1332 and 4104 as the federal statutes at issue in this action.  However, 28 U.S.C. § 1332, as discussed below, provides diversity of citizenship jurisdiction to district courts.  It does not itself provide a basis for a private right of action that would confer federal question jurisdiction.  Next, 28 U.S.C. § 4104 outlines when a federal court or a court of any State may recognize a foreign defamation judgment; *i.e.*, a defamation judgment rendered by a court, administrative body, or other tribunal of a foreign country.  28 U.S.C. §§ 4101(2), (3), 4104.  Again, no private right of action is provided therein.  Moreover, there is no allegation in Plaintiff's complaint

4

involving a foreign defamation judgment.  As such, Plaintiff has failed to establish federal question jurisdiction.

To the extent that Plaintiff is attempting to assert a cause of action under state law alone, she must establish diversity of citizenship jurisdiction.  Diversity jurisdiction exists where (1) the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs; and (2) there is complete diversity of citizenship.  28 U.S.C. § 1332(a)(1); *see also Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000).  Here, Plaintiff has alleged that the amount in controversy exceeds $75,000 (Doc. 1 at 4) but has not adequately addressed the citizenship of the Defendants.  "When jurisdiction is based on diversity of citizenship, 28 U.S.C. § 1332, the plaintiff's complaint must specifically allege each party's citizenship, and these allegations must show that the plaintiff and defendant are citizens of different states." *Am. Motorists Ins. Co. v. Am. Emps.' Ins. Co.*, 600 F.2d 15, 16 (5th Cir. 1979).[2]  In other words, no party plaintiff may be a citizen of the same state as any of the defendants. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978).

Although it is unclear, it appears that Defendants are entities as opposed to individuals, in which case citizenship of each entity has not been adequately alleged.  For example, a partnership or a limited liability company is a citizen of any state of which a member is a citizen. *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004); *Mallory & Evans Contractors & Eng'rs, LLC v. Tuskegee Univ.*, 663 F.3d 1304, 1305 (11th Cir. 2011).  Such unincorporated associations "do not themselves have any citizenship, but instead must prove the citizenship of each of their members to meet the

---

[2] The case law of the Fifth Circuit prior to September 30, 1981 has been adopted as precedent in this judicial circuit. *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

jurisdictional requirements of 28 U.S.C. § 1332." *Underwriters at Lloyd's, London v. Osting–Schwinn*, 613 F.3d 1079, 1086 (11th Cir. 2010); *see also Nationwide Mut. Fire Ins. Co. v. Pierce*, No. 2:13-cv-606-FtM-29DNF, 2013 WL 4518208, at *1 (M.D. Fla. Aug. 23, 2013) (applied to professional association). Assuming Brickell IP Group, PLLC is such a limited liability entity, Plaintiff's complaint does not identify its members and their citizenships. Accordingly, Plaintiff's complaint also fails to establish diversity of citizenship jurisdiction, and the complaint must be dismissed for lack of subject matter jurisdiction. *See Cafaro*, 2010 WL 3747868, at *1 (when an application to proceed *in forma* pauperis is filed, dismissal of a case *sua sponte* is appropriate if, upon review, the complaint reveals a lack of subject matter jurisdiction).

Even assuming this Court has subject matter jurisdiction over Plaintiff's claims, Plaintiff's complaint is deficient in that it fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff alleges that she has suffered irreparable harm and seeks $78,000.00 for being mentioned in a filing in another action to which she is not a party—*Ain Jeem, Inc. v. The Individuals, et al.*, 8:21-cv-1331-VMC-AEP, Doc. 131 at 5 ("Ain Jeem Action"). More specifically, Plaintiff asserts that Defendants falsely identified Plaintiff as the co-owner and operator of an online seller accused of "infringing and counterfeiting activities" (Doc. 1 at 4). Presumably based on this association, Plaintiff accuses Defendants of malicious intent to defame Plaintiff's character (*id.*). Plaintiff attaches the allegedly defaming filing in which Defendant Ain Jeem, Inc. (plaintiff in the Ain Jeem Action) included a screenshot of discovery produced by non-party Etsy, which identifies the names associated with an allegedly infringing online seller of a Kareem Abdul Jabar sports plate (Doc. 1-1); characterized by Plaintiff as "manufactured false evidence." Plaintiff, however,

6

acknowledges that her name appears in the discovery produced by Etsy because she was a source the online seller/defendant in the Ain Jeem Action used to initially pay store listing fees (Doc. 1 at 5).

In other words, Plaintiff seems to be alleging that Defendants (the attorneys in the Ain Jeem Action) defamed her by manufacturing this evidence and then incorrectly identifying her as an owner and operator of the online seller in the Ain Jeem Action.  However, Florida's litigation immunity privilege, with some exceptions that are inapplicable here, provides absolute immunity "to any act occurring during the course of a judicial proceeding … so long as the act has some relation to the proceeding."  *Echevarria, McCalla, Raymer, Barrett & Frappier v. Cole*, 950 So.2d 380, 383 (Fla. 2007) (quotation and citation omitted).  While the litigation privilege is an affirmative defense, "it can be adjudicated on a motion to dismiss if the applicability of the privilege can be clearly discerned from the face of the complaint."  *LatAm Invs., LLC v. Holland & Knight, LLP*, 88 So.3d 240, 245 (Fla. 3d DCA 2011) (citations omitted).  In *Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A. v. United States Fire Insurance Company*, 639 So.2d 606 (Fla. 1994), the Florida Supreme Court held "defamatory statements made in the course of a judicial proceedings are absolutely privileged, no matter how false or malicious the statements may be, so long as the statements are relevant to the subject of inquiry."   639 So.2d at 607 (citation omitted). Plaintiff's allegations specifically and exclusively involve allegedly defamatory statements occurring during the course of and related to a judicial proceeding.  Consequently, the Court can determine from the face of the complaint that the legal theories alleged are without merit, and Plaintiff's allegations are insufficient to establish Plaintiff's entitlement to any form of relief before this Court.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii) (failure to state a claim upon which relief may be granted is a basis

upon which to dismiss a complaint when considered pursuant to an application to proceed *in forma pauperis*).

As such, the undersigned recommends that Plaintiff's complaint be dismissed without prejudice.  It is further recommended that Plaintiff be afforded the opportunity to file an amended complaint, which should set forth the basis for the Court's jurisdiction and the factual allegations establishing a claim for relief in this forum.  *See Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005) ("Ordinarily, a party must be given at least one opportunity to amend before the district court dismisses the complaint.").

For these reasons, it is hereby

**RECOMMENDED**:

1.   Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) be **DENIED**.

2.   Plaintiff's complaint (Doc. 1) be **DISMISSED WITHOUT PREJUDICE** and with leave to amend.

3.   Plaintiff be directed to file an amended complaint that conforms to federal pleading standards and be directed to file the applicable filing fee together with her amended complaint.

4.   Plaintiff be advised that failure to file an amended complaint or to pay the filing fee may result in dismissal of this case without prejudice and without further notice.

**IT IS SO REPORTED** in Tampa, Florida, on September 30, 2021.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE

**<u>NOTICE TO PARTIES</u>**

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to the proposed findings and recommendations or request an extension of time to do so.  28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1.  Failure of any party to timely object in accordance with the provisions of § 636(b)(1) waives that party's right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions contained in this Report and Recommendation.  11th Cir. R. 3-1.